IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DITECH FINANCIAL LLC, | ) | Case No. 3:16-cv-243 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| GUY SMITH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Presently before this Court is Plaintiff's Motion for Remand to the Monroe County Court of Common Pleas. (ECF No. 2.) For the reasons stated below, Plaintiff's motion will be **GRANTED**.

### II. Background

Plaintiff initiated this foreclosure action by filing a complaint in the Court of Common Pleas of Monroe County, Pennsylvania, on June 28, 2016. (*See* ECF No. 2-1.) After several failed attempts to serve process on Defendant (*see Id.*), Defendant was served with process in early October, 2016.[1] (*See Id.*)

---

[1] Defendant "disputes the validity of the process and the propriety of the service of process...", but simply makes this conclusory assertion without arguing why service was improper. (*See* ECF No. 1 at 2.) This Court also notes that Defendant has not filed a response to Plaintiff's motion to remand, and, in fact, has not filed any documents in this case since he filed his notice of removal.

Defendant removed the case to this Court on November 17, 2016, on the basis of diversity of citizenship jurisdiction. (*Id.*) Defendant states that he "is a citizen of the State of Pennsylvania." (ECF No. 1 at 4.)

### III. Legal Standard

"Section 1441 of Title 28, United States Code, governs the removal of a case to federal court." *Smoyer v. Care One, LLC*, No. 2:16-CV-1696, 2017 WL 575070, at *1 (W.D. Pa. 2017), *report and recommendation adopted*, No. 2:16-CV-1696, 2017 WL 573573 (W.D. Pa. 2017); *Kosicki v. Nationstar Mortg., LLC*, 947 F. Supp. 2d 546, 552 (W.D. Pa. 2013) (same).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. "Subject matter jurisdiction may be based upon federal question or diversity grounds." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-CV-03610-FLW, 2014 WL 4954654, at *2 (D. N.J. 2014), *citing* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). Under diversity jurisdiction, federal district courts have original jurisdiction in civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Removal is improper if it violates the "forum defendant rule" contained in Section 1441(b). *See Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 517 (E.D. Pa. 2013). Under the forum defendant rule:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2

28 U.S.C. § 1441(b)(2). "Therefore, the forum defendant rule prohibits removal based on diversity where a defendant is a citizen of the forum state—the state in which the plaintiff originally filed the case." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-CV-03610-FLW, 2014 WL 4954654, at *3 (D. N.J. Oct. 1, 2014).

The forum defendant rule reflects the fact "that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of bias is reduced, if not eliminated." *Stunteback v. Janssen Research & Dev.*, LLC, No. CIV.A. 14-1097, 2014 WL 2572784, at *2 (E.D. Pa. 2014), *quoting Allen v. GlaxoSmithKline PLC*, No. 07–5045, 2008 WL 2247067, at *4 (E.D. Pa. 2008); *see also In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009) (noting that "the rule prohibits removal on diversity grounds of an action involving a properly joined and served instate defendant whose presence in the action presumably reduces or eliminates the risk of prejudice against the defense.").

"The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (internal citations omitted). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014), *quoting Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992) (internal quotations and citations omitted); *Morocco v. Hearst Stations, Inc.*, No. 2:16-CV-1083, 2016 WL 4447798, at *2 (W.D. Pa. 2016) (same). A case that is removed to district court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## IV. Analysis

This is a simple case. Defendant removed this action on the basis of diversity of citizenship. (ECF No. 1 at 3.) Defendant asserted diversity based on the fact he, a citizen of Pennsylvania, is not a citizen of the same state as Plaintiff, a Texas corporation. (*Id.*) However, the forum defendant rule provides an additional barrier to removal on the basis of diversity—a defendant cannot remove if he is a citizen of the forum in which the case was filed. 28 U.S.C. § 1441(b)(2).

Defendant acknowledges that he is a citizen of Pennsylvania. (ECF No. 1 at 4.) As Defendant is a citizen of the forum state, removal is improper under the forum defendant rule. Because this case was not properly removed, this Court lacks subject matter jurisdiction, and must remand to state court.[2]

## V. Conclusion

For the reasons stated above, this Court will **GRANT** Plaintiff's motion to remand. An appropriate order follows.

---

[2] As Plaintiff notes, even if diversity were not destroyed by the forum defendant rule, this Court would not be the proper venue. Defendant removed this case from the court of common pleas in Monroe County, which is in the Middle District, not the Western District. *See, e.g., Exec. Wings, Inc. v. Dolby*, 131 F. Supp. 3d 404, 413 (W.D. Pa. 2015) ("For actions removed from state court ... venue is governed by 28 U.S.C. § 1441(a), which requires that such actions be removed to 'the district court of the United States for the district and division embracing the place where the state court action is pending.'"), *quoting Reassure Am. Life Ins. Co. v. Midwest Res., Ltd.*, 721 F.Supp.2d 346, 351 (E.D.Pa.2010) (internal citations omitted).

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DITECH FINANCIAL LLC, | ) | Case No. 3:16-cv-243 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| GUY SMITH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 17th day of October, 2017, upon consideration of Plaintiff's Motion for Remand to the Monroe County Court of Common Pleas (ECF No. 2), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED.**

Accordingly, this action **IS HEREBY REMANDED** to the Monroe County Court of Common Pleas.

BY THE COURT:

/s/ Kim R. Gibson

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**